UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN ESPINOZA MARTINEZ | No. 25 CR 637<br><br>Judge Joan H. Lefkow |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR**
**IMMEDIATE DISCLOSURE OF IDENTITY OF SOURCE OF INFORMATION**

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submits its response to defendant's October 16, 2025 motion:

Defendant's motion should be denied. At trial, the government intends to call the source of information referred to in the complaint in this case ("SOI-1"), and at trial the government will voluntarily disclose SOI-1's identity and produce related discovery at the appropriate time. Defendant cites numerous cases in support of his motion but does not mention that each of these cases address under what circumstances the government may withhold the identity of certain government informants *who the government does not call as a witness at trial*. Those cases are therefore inapplicable because the government intends to call SOI-1 as a witness at trial. *See, e.g.*, *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957); *United States v. Maxwell*, 143 F.4th 844, 856 (7th Cir. 2025); *United States v. Ruiz*, 2023 WL 3562970, at *4 (N.D. Ga. May 19, 2023) ("The United States will call the SOI and CS as witnesses, ensuring Defendants will have an opportunity to cross-examine them. So the reasoning of *Roviaro* is inapplicable.").

Here, defendant Juan Espinoza Martinez was charged by complaint on October 5, 2025. Dkt. 1. He was indicted on October 14, 2025. Dkt. 12. Defendant was arraigned on October 17, 2025, Dkt. 21, and the next status date is November 12, 2025, Dkt. 27. Trial is scheduled to begin in approximately three months, on January 20, 2026. Dkt. 27. Rather than conferring with the government at this early stage in the case as to whether the government would call SOI-1 at trial and voluntarily disclose SOI-1's identity at that time, defendant instead filed his motion seeking immediate disclosure of SOI-1's identity.

Defendant's motion is baseless. The government is not required to disclose SOI-1's identity in advance of SOI-1's testimony, let alone now, three months before trial. "It is well-settled that the Constitution does not require pretrial disclose of prosecution witnesses." *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Bouye*, 688 F.2d 471, 473–74 (7th Cir.1982). Nor does Federal Rule of Criminal Procedure 16. *See United States v. Edwards*, 47 F.3d 841, 843 (7th Cir. 1995) ("Nor does Fed. R. Crim. P. 16, which governs discovery in criminal cases, require such disclosure."); *Bouye*, 688 F.2d at 473–74.

Of course, as in all criminal cases, the government will make its witness disclosures consistent with the pretrial schedule entered by this Court, which typically includes deadlines several weeks before trial—not months. However, in exceptional cases, like this one, where a witness fears retaliation for testifying, and those fears are not irrational, it may be appropriate for the government to seek to delay the identification of the witness until even closer to the time that he or she is

2

called to testify, including after the initial deadline for disclosure of trial witnesses. *See, e.g.*, *Edwards*, 47 F.3d at 843 (affirming district court's decision to delay disclosure of witness identity until the morning of his testimony on the third day of trial where "[n]ot only did other members of the conspiracy remain at large, but evidence … also suggested that [defendants] were members of the "Gangster Disciple" street gang, whose members [the witness] also feared"); *United States v. Harris*, 542 F.2d 1283, 1291 (7th Cir. 1976) ("Defendants cannot obtain lists of Government witnesses as a matter of right, although the district court has discretionary power to order it to provide a list. The district court did not abuse its discretion by refusing to do so in this case. The government did not wish to reveal this information because of physical danger to witnesses as well as the possibility of threats and intimidation.").

Here, defendant portrayed himself to SOI-1 as a member of the Latin Kings and even introduced SOI-1 to others by identifying them as other members of the Latin Kings. Defendant also showed SOI-1 materials that supported defendant's claims to being a member of the Latin King, including conversations about Latin Kings' activities and pictures of firearms. Defendant also communicated a $10,000 bounty for killing Victim A to SOI-1, attributing the bounty to the Latin Kings. And for his part, defendant himself, when interviewed, acknowledged to law enforcement that he heard of the Latin Kings bounty on Victim A and then transmitted the message disseminating the bounty.

Based on all of this, SOI-1 fears retaliation from the defendant and the Latin Kings, and those fears are not irrational. *See Edwards*, 47 F.3d at 843 (delaying

3

disclosure of witness's identity who "feared retaliation, and his fears did not appear to be irrational"). In discovery, the government will of course produce reports and other materials in its possession documenting information provided by and related to SOI-1. Prior to trial, if the government determines it necessary to seek relief from disclosing SOI-1's identity at the time witness lists are made due by this Court, the government will confer with defense counsel, and, if necessary, file an appropriate motion. In any event, defendant's current motion—for immediate disclosure of the source's identity—has no basis in law and should be denied.

## **CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:     */s/ Bradley Tucker*
BRADLEY TUCKER
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
October 24, 2025                      Chicago, Illinois 60604

4