IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 25 CR 637 |
| | ) | |
| | ) | Judge Joan H. Lefkow |
| JUAN ESPINOZA MARTINEZ | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

The motion of Juan Espinoza Martinez for Disclosure Regarding the Source of Information (dkt. 19) is granted in part and denied in part. By December 9, 2025, the government shall produce to the defendant, subject to an appropriate protective order, all materials in its possession documenting information provided by and related to the source of information, including, but not limited to, his name; unredacted copies of prior statements, immigration records, and criminal history; and transcripts or records of testimony he may have given in the past. Pretrial submissions, including proposed voir dire, proposed jury instructions, proposed verdict form, list of all witnesses to be called, exhibit list, any stipulations (as to facts or the admissibility of exhibits), and a brief agreed statement summarizing the case to be read to the jury, and motions in limine, shall be filed by December 12, 2025; responses to motions in limine or other pretrial submissions shall be filed on December 19, 2025. The pretrial conference is scheduled for January 7, 2026 at 11:00 a.m. in courtroom 2201.

## Statement

Martinez's Motion for Disclosure Regarding the Source of Information seeks immediate disclosure of the name of the source of information contained in the complaint. Martinez is aware that "SOI-1" has provided the government with information that implicates Martinez in the charged crime and is to be the principal witness at trial, so he contends it is essential that he have immediate access to information the government knows about SOI-1 that could be exculpatory or used for impeachment, citing *United States* v. *Giglio*, 92 S.Ct 763 (1972), and *Brady* v. *Maryland*, 373 US 83 (1963). The government responds that it is not obligated to produce the requested discovery before trial. *See* 18 U.S.C. §3500(a) (requiring disclosure to the defense after witness testifies on direct). Nonetheless, the government represents that it will produce "prior statements, and redacted copies of SOI-1's immigration records, criminal history, and testimony" at or around the time that witness lists are later exchanged by the parties.[1]

---

[1] The government is concerned that disclosure at this time would subject SOI-1 to danger of retaliation. Martinez is said to be a "high-ranking" member of the Latin Kings organization, which is

Martinez contends that *Roviaro* v. *United States* requires the disclosure because it held that the informer's privilege must give way to the need to prepare a defense where the informant had taken a material part in bringing about the commission of a crime, had been present with the accused when the alleged crime occurred, and might be a material witness as to whether the accused knowingly committed the crime charged. 353 U.S. 53 (1957). Here, Martinez argues, the informant provided the information that forms the basis of the indictment, was present when Martinez made the alleged inculpatory statements, may have been a participant in the alleged crime, and is certainly a material witness.

Although *Roviaro* addressed a situation where the informant was not a witness at trial, the balancing test set out in *Roviaro*, in light of *Brady* and *Giglio*, is similar to the principle that disclosure must be made in time to ensure that the defendant will have a fair trial, as stated by the Seventh Circuit. *See Bielanski* v. *County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008) ("*Brady* requires that the government disclose material evidence in time for the defendant to make effective use of it at trial."); *see also United States* v. *Lobue*, 751 F. Supp. 748, 758 (N.D. Ill. 1990) ("If the government discloses impeachment evidence before trial, it has met its *Brady* obligation so long as the defendants receive a fair trial."); *United States* v. *Villareal*, 752 F. Supp. 851, 852 (N.D. Ill. 1991) ("[T]o the extent that defendant's requests for witnesses seek disclosure of the identities of persons who can provide information favorable to the accused which is material to guilt, the government, pursuant to *Brady*, must furnish the defendant with the identities of these persons.").

The United States Attorneys in this district have a long and venerable "open book" tradition of informing the defendant of the evidence the defendant will confront. The tradition typically encourages defendants to face facts and plead guilty but, in some cases, as here, defendants choose to mount a defense. Here, the court concludes that the need for the defense to have a fair opportunity to prepare outweighs the government's interest in secrecy. If, as the parties represent, SOI-1 is the sole witness, the need to investigate him is all the more critical. This case is on a fast track pursuant to the Speedy Trial Act, and the pretrial schedule is ambitious. As such, attorneys for both sides must cooperate to get the work done. Therefore, the court orders disclosure in advance of trial as stated above. The order attempts to accommodate the competing interests of the parties of protecting the flow of information with the goal of having a fair trial.

Date: November 19, 2025

_____
U.S. District Judge

---

known to engage in violent criminal activity. The complaint states that SOI-1 reported to law enforcement that Martinez offered to members a $10,000 reward for the murder of a particular federal employee and ordered members of his organization to go to particular places and bring guns, indicating that Martinez has authority to order that SOI-1 be harmed. Since the government will be responsible for the witness's safety once his identity is disclosed, delay would be more economical and less disruptive to SOI-1, but it does not seem to be decisive as to timing of the disclosure.