UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 25CR00637 |
| | ) | Judge Joan Lefkow |
| JUAN ESPINOZA MARTINEZ | ) | |
| | ) | |

### Amended and Renewed Motion for Pretrial Release from Custody[1]

Now comes the Defendant, JUAN ESPINOZA MARTINEZ, by and through his attorney, Bedi & Singer, LLP, and pursuant to 18 U.S.C. § 3142, moves the Court to set conditions for pretrial release. In support of this motion, Defendant states the following:

1. Juan Espinoza Martinez has lived in Chicago for thirty years. He has worked at his brother's construction company for the last decade, showing up every day to earn an honest living. He has never been convicted of a crime. He has never given anyone reason to doubt his character. His entire life, his family, his children, his siblings, and his mother all live in Chicago. Until a few weeks ago, when the government filed a complaint against him, Mr. Espinoza Martinez was simply a working man with deep roots in this community and an unblemished record. He was going to work and taking his children to their soccer games. Now he sits in federal detention, held away from his family and his livelihood, even though every factor this Court must consider under the Bail Reform Act points toward his release. Pretrial Services agrees—recommending release with conditions. The law

---

[1] The defendant previously withdrew his motion without prejudice. Mr. Martinez is aware there is immigration detainer for him.

agrees—requiring detention only in the narrowest circumstances. The facts of Mr. Espinoza Martinez's life demand it. This Court should order his immediate release under conditions that will reasonably assure his appearance and the community's safety, because liberty remains the norm and detention the rare exception. Mr. Espinoza Martinez has earned that liberty through thirty years of law-abiding life in Chicago, and nothing about this case justifies taking it from him now.

2. On October 5, 2025, a complaint was filed against Mr. Espinoza Martinez charging him with a violation of Title 18 United States Code, Section 1958(a). (Dkt 1).

3. On October 7, 2025, Mr. Espinoza Martinez's initial appearance was held, and at that time, the government moved for detention based on their claim that Mr. Espinoza Martinez poses a risk of non-appearance and a danger to the community. Based on the government's proffer, Mr. Espinoza Martinez was detained. (Dkt. 6) On October 10, 2025, Mr. Espinoza Martinez waived his right to a bond determination hearing without prejudice. (Dkt. 15).

4. On October 14, 2025, the Grand Jury returned an indictment against Mr. Espinoza Martinez, charging him with a violation of Title 18, United States Code, Section 1958(a). (Dkt. 12). Ms. Espinoza Martinez is presumed innocent.

5. This Court should release Ms. Espinoza Martinez under certain conditions. In this case, the release is warranted because there are numerous facts under 18 U.S.C. § 3142(g) that demonstrates there are conditions of release that will reasonably assure both Mr. Espinoza Martinez' appearance in court and the safety of the community. As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739

2

(1987), "in our society liberty is the norm, and detention prior to trial…is the carefully limited exception." *Id.* at 755. This presumption of release is encapsulated in the Bail Reform Act (BRA), 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under §3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions" that will "reasonably assure" the defendant's appearance in court and the safety of the community. §3142(c)(1). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 32189); *see also United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors non-detention.").

6. Pretrial detention should be the exception, not the norm. High federal pretrial detention rates have significant and wide-ranging social and economic costs. For example, defendants who remain in custody risk a loss of employment, housing, community ties, and ultimately push defendants toward new criminal activity.[2] It is unsurprising then that another study found a relationship between pretrial detention of low-risk defendants and an increase in their recidivism rates, "both during the pretrial phase as well as in the years following case disposition."[3]

7. Additionally, "Section 3142 does not seek ironclad guarantees," but instead only

---

[2] Amaryllis Austin, *The Presumption for Detention Statute's Relationship to Release Rates*, 81 FED. PROB. 52, 53 (2017), archived at https://perma.cc/9HGU-MN2B
[3] *Id.* at 54The report.

3

requires reasonable assurance that the defendant is not a danger to the community or a flight risk. *See United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal.1992). Conditions of release that can be imposed upon Mr. Espinoza Martinez will provide reasonable assurance that he will not flee nor pose a danger to the community.

8. Mr. Espinoza Martinez is not a flight risk, and the facts of his life make that conclusion inescapable. He has lived in Chicago for over thirty years, almost his entire adult life. For the past decade, he has worked steadily with his brother in construction, building a reputation and livelihood inextricably tied to this community. He has no passport. He has no property outside Illinois. He has no foreign bank accounts. His entire existence, his family, his work, his home, every meaningful connection in his life, is rooted in this district. The suggestion that a man with three decades of continuous residence, deep family ties spanning multiple generations, and stable employment with his own brother would suddenly abandon everything and flee is not a reasonable risk assessment. Mr. Espinoza Martinez has nowhere to run and every reason to stay. The statutory factors for evaluating flight risk don't merely favor release here; they compel it.

9. Mr. Espinoza Martinez presents no danger whatsoever to the community. Mr. Espinoza Martinez has never been arrested. He has never been convicted of any crime. For thirty years in this community, he has lived the kind of life the Bail Reform Act was designed to protect: stable employment, deep family connections, and an absolute absence of criminal conduct. Before this allegation surfaced three

weeks ago, there was no history of violence, no pattern of criminal behavior, no reason whatsoever for law enforcement to question his character. His record reflects exactly what it should—a man who works, provides for his family, and follows the law. The government would have this Court focus on an allegation, but allegations are not evidence and certainly not proof. What is proven is three decades of living in this district without incident, without arrest, without giving anyone cause to believe he poses any danger to this community. The Court doesn't need to speculate about future conduct when past conduct provides the answer: Mr. Espinoza Martinez has demonstrated for thirty years that he presents no threat to public safety.

10. The Pretrial Services Report prepared for this detention hearing further supports Mr. Espinoza Martinez's suitability for pretrial release. Significantly, Pretrial Services has recommended release on an unsecured bond with appropriate conditions, finding that despite certain risk factors, "there are conditions which may be fashioned to mitigate these risks." His employment record reflects both professional stability and strong family bonds. These ties extend throughout the district, where he maintains regular contact with all his family members, each of whom resides locally. The professional assessment by Pretrial Services, with their expertise in evaluating pretrial risk, reinforces that Mr. Espinoza Martinez can be safely released under supervised conditions.

11. Mr. Espinoza Martinez does not pose a risk of nonappearance, and there are some conditions that reasonably assure his appearance. This Court should examine

alternatives to detention because there are release conditions which would ensure his compliance with all Court orders, appearances, and protect the public in the least restrictive way. There are conditions of release under §3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably assure Mr. Garel's appearance in court and the safety of the community:

a. participate in the Location Monitoring Program, under the Home Detention or Home incarceration provision;

b. Submit to supervision by and report to Pretrial Services.

c. submit to substance abuse testing and/or treatment as directed by Pretrial Services;

d. refrain from use or unlawful possession of narcotics or other controlled substances, unless prescribed by a doctor;

e. not possess a firearm, destructive device, or other weapon;

f. Report any law enforcement contract to Pretrial Services.

WHEREFORE, Ms. Espinoza Martinez prays that this Court grant him release and impose any conditions the Court believes would be necessary.

Respectfully submitted,

/s/ Jonathan S. Bedi
Jonathan S. Bedi
Dena M. Singer
Bedi & Singer, LLP
53 West Jackson #1101
Chicago, IL 60604
(312) 525 2017
dsinger@bedisinger.com
jbedi@bedisinger.com
**Attorney for Defendant**

6

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

                                                By: <u>s/ Jonathan S. Bedi</u>
                                                Jonathan S. Bedi
                                                Bedi & Singer, LLP
                                                53 West Jackson Blvd, Suite 1101
                                                Chicago, IL 60604
                                                Phone: (312) 525-2017
                                                jbedi@bedisinger.com
                                                **Attorney for Defendant**