UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 25 CR 637 |
| v. | |
| JUAN ESPINOZA MARTINEZ | Judge Joan H. Lefkow |

## GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully moves *in limine* with respect to the following evidentiary matters.

## BACKGROUND

Defendant Juan Espinoza Martinez is charged with violating 18 U.S.C. §§ 1958(a) and 2 for promoting a murder-for-hire plot. Dkt. 12. On or about October 3, 2025, a source of information ("SOI-1"), shared with investigators a photograph of a Snapchat conversation between SOI-1 and defendant. In the photographed conversation, defendant sent to SOI-1 a picture of a senior official in the United States Border Patrol ("USBP"). Defendant accompanied his transmission of the photograph with text messages, partially in Spanish, that stated "2k on info lo agarren," which translates to "2k on information when you get him," "10k if you take him down," and "LK [followed by several emojis] on him." Through these communications, defendant was spreading the word that the Latin Kings street gang was offering a $2,000 reward for information that would lead to the USBP official's capture, and $10,000 for killing the official.

At trial, the government will present evidence including (i) testimony from law enforcement officers and SOI-1; (ii) statements made by defendant in a recorded post-arrest interview; (iii) evidence obtained from a consent search of defendant's phone; and (iv) evidence obtained from defendant's Snapchat account through the execution of a search warrant.

## I.   Government Motion *In Limine* No. 1: Motion to Exclude Evidence or Argument Designed to Elicit Jury Nullification

The government respectfully moves this Court to preclude defendant from arguing or otherwise presenting evidence at trial designed to elicit jury nullification. It is improper for defendant to suggest that the jury should acquit him even if it finds that the government has met its burden of proof. *See, e.g.*, *United States v. Laguna*, 693 F.3d 727, 730 (7th Cir. 2012); *United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006); *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003) ("A defendant has of course no right to ask the jury to disregard the judge's instructions ('jury nullification')."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'" (quoting *United States v. Anderson,* 716 F.2d 446, 450 (7th Cir. 1983))); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.").

Although the government cannot anticipate every form of "jury nullification" defendant may seek to inject, it moves to exclude the potential areas noted below, as well as any argument or questioning, no matter what its form, that, in effect, would "encourage a jury to acquit under any circumstances regardless of the applicable law or proven facts." *Anderson*, 716 F.2d at 450.

### A. Defendant's Age, Health, or Family Needs

Although the government acknowledges that defendant is permitted to introduce limited testimony regarding his background, the government moves to preclude evidence and argument regarding his age, health, and family so as to infer either a motive for his criminal conduct or to invoke sympathy regarding the impact of a conviction upon the defendants or his family. Such evidence is irrelevant to defendant's factual guilt and is designed for no other purpose than to invoke improper appeals for jury nullification. *See, e.g., United States v. House,* No. 14 CR 10, 2015 WL 1058019, at *2 (N.D. Ill. Mar. 6, 2015) (excluding evidence of impact of defendant's conviction on his family members); *United States v. Shalash,* No. 11 CR 0627, 2013 WL 4820927, at *5 (N.D. Ill. Sept. 10, 2013) (excluding testimony regarding defendant's family needs as motive or excuse for criminal conduct or to invoke sympathy); *United States v. Shields*, No. 90 CR 1044, 1991 WL 236492, at *4 (N.D. Ill. Aug. 13, 1991) ("The defendants may present testimony establishing that they have families. However, the Court will not allow such testimony to be presented in detail, nor will the Court permit any testimony regarding the possible impact which a conviction might have upon any family member.").

**B.      Penalties Faced by Defendant if Convicted**

The Seventh Circuit has stated unequivocally that "arguing punishment to a jury is taboo." *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *overturned on other grounds*, 526 U.S. 813 (1999); *see also United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) ("the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"). Argument and evidence concerning punishment are improper because the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (footnote omitted) (quoting *Rogers v. United States,* 422 U.S. 35, 40 (1975))); *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000); 7th Cir. Pattern Crim. Jury Instr. 4.08 (2023) ("In deciding your verdict, you should not consider the possible punishment for the defendant[s] [who [is; are] on trial]."). Mention of the potential penalties faced by defendant—including possible imprisonment, restitution, or fines—would only invite the jury to consider the penal consequences of a conviction and, ultimately, nullification. Such argument should accordingly be excluded.

**C.      Government's Motivations for Investigating and Prosecuting the Case**

Claims of selective or vindictive prosecution are irrelevant to the merits. *United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent

assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."). Whether and why certain individuals were charged or not charged is equally immaterial. *See United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (in a case involving a prohibited narcotics transaction, "[w]hether or not [a co-arrestee] was criminally charged [did] not make the facts relating to [the defendant's] knowledge and participation in the attempted purchase more or less probable"); *United States v. Mosky*, No. 89 CR 669, 1990 WL 70832, at *1 (N.D. Ill. May 7, 1990) ("The government seeks to bar only any reference to its decisions regarding who to indict and for what acts. The government is correct that those decisions are not relevant to the charges faced by these defendants."). The subjective intentions or motivations of a government agent are also extraneous. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that, even in the context of an entrapment defense, it was proper for the trial court to prohibit the defense from "mount[ing] an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

"In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Armstrong*, 517 U.S. at 465 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Accordingly, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and, thus, properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the

exclusion of evidence offered to show that the "indictment was a political instrument"). To the extent defendant wishes to raise these issues, he must raise them with the Court, not the jury. *See United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (finding claims of selective prosecution must be raised before trial); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (finding that "the issue of selective prosecution is one to be determined by the court"). Defendant has filed no such motion. Accordingly, evidence and argument related to these issues, in any form, should be barred by the Court.

### D. Allegations or Claims of Outrageous Government Conduct

The Court should also preclude any evidence or argument related to so-called "outrageous government conduct." Although the government is unaware of any misconduct by government agents in this case, it nevertheless seeks to exclude any allegations of such misconduct in the presence of the jury.

Arguments pertaining to governmental misconduct are improper for two reasons. First, and most fundamentally, the Seventh Circuit has repeatedly held that "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011); *see also Conley v. United States,* 5 F.4th 781, 799 (7th Cir. 2021) (describing the "uniform wall of precedent" rejecting the defense and citing cases); *United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995) ("'[T]he doctrine [of outrageous governmental misconduct] is moribund.' 'Stillborn' might be a better term, for it never had any life; and it certainly has no support in the decisions of this court, which go out of their way to criticize the doctrine." (quoting *United States v. Santana,* 6 F.3d 1, 4 (1st Cir. 1993)) (second alteration in original)).

6

Second, "the issue of outrageous government conduct is not an issue for the jury," but instead a matter of law that must be raised in the form of a pretrial motion for determination by the Court. *See United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) ("All of the circuits that have considered the question have held that the issue of outrageous government conduct is not a jury question.") (collecting cases). Accordingly, defendant should be precluded from defending his case by attacking the propriety of the government's conduct.

Yet, there is a "tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (quoting *Sears v. Romiti,* 50 Ill.2d 51, 277 N.E.2d 705 (1971)). In these types of cases, the "thrust of the defense is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id.* at 1347. In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts have granted motions "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, No. 90 CR 1044, 1991 WL 236492, *3 (N.D. Ill. 1991); *see also United States v. Boender*, No. 09 CR 186, 2010 WL 811296, at *3 (N.D. Ill. March 3, 2010); *United States v. Katz*, No. 92 CR 94, 1992 WL 137174, at *5 (N.D. Ill. June 15, 1992); *United States v. Finley*, 708 F. Supp. 906, 913 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "designed only to persuade the jury that defendants

7

should be acquitted because the government engaged in misconduct during its investigation"). Accordingly, the government moves to bar defendant from introducing evidence or argument of outrageous government conduct.

### E. "Golden Rule" Argument

Finally, defendants should be precluded from making a so-called "Golden Rule" appeal, *i.e.*, that the jurors should place themselves in defendant's shoes. The Seventh Circuit held such arguments to be improper, regardless of whether they are uttered by the government or defense. *See United States v. Roman*, 492 F.3d 80, 805-06 (7th Cir. 2007) (affirming exclusion of defendant's proposed argument that "jurors should put themselves in his shoes and consider 'There but for the grace of God go I.'"); *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) (finding improper "Golden Rule" argument where prosecutor stated during rebuttal, "I ask you, ladies and gentlemen, if it happened to you and you had nothing to hide[.]"). "[A] 'Golden Rule' appeal . . . 'is universally recognized as improper because it encourages the jury to depart from the [position of] neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Roman*, 492 F.3d at 803 (quoting *Teslim*, 869 F.2d at 328). Defendant should therefore be precluded from making such an argument to the jury.

## II. Government Motion *In Limine* No. 2: Motion to Preclude Explaining or Defining Reasonable Doubt

The government respectfully moves the Court to preclude counsel from attempting to define reasonable doubt. The Seventh Circuit has consistently held that "reasonable doubt" is a term that should not be defined by the Court or counsel. *See,*

8

*e.g.*, *United States v. Hatfield*, 590 F.3d 945, 949 (7th Cir. 2010); *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1999) ("The law is clear in this circuit that it is improper for attorneys to attempt to define the term . . . ."); *United States v. Alex Janows & Co.*, 2 F.3d 716, 722-23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury."); *United States v. Bardsley*, 884 F.2d 1024, 1029 (7th Cir. 1989); *United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988) ("An attempt to define reasonable doubt presents a risk without any real benefit."); 7th Cir. Pattern Crim. Jury Instr. 1.04 (2023) (collecting cases).

"[A]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (quoting *Holland v. United States*, 348 U.S. 121, 140 (1954)). To the contrary, any proffered definition is likely to "confuse juries more than the simple words themselves." *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993). "Jurors know what is 'reasonable' and are quite familiar with the meaning of 'doubt.' Judges' and lawyers' attempts to inject other amorphous catch-phrases into the 'reasonable doubt' standard . . . only muddy the water." *Glass*, 846 F.2d at 387. Thus, it is "inappropriate for judges to give an instruction defining 'reasonable doubt,' and it is equally inappropriate for trial counsel to provide their own definition." *Id.*

### III. Government Motion *In Limine* No. 3: Motion to Preclude Discovery Requests or Commentary in the Presence of the Jury

The government respectfully moves this Court to preclude defendant from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury.

Requests for, and motions related to, discovery made in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. *See, e.g., United States v. House,* No. 14 CR 10, 2015 WL 1058019, at *2 (N.D. Ill. Mar. 6, 2015) (citing cases); *United States v. Mandell*, No. 12 CR 842, 2014 WL 287520, at *3 (N.D. Ill. Jan. 27, 2014); *United States v. Dochee*, No. 08 CR 108-4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (granting the government's motion *in limine* to exclude comments on discovery because it "could create the impression that the opposing party is withholding information."). The requests may also be without merit in the event discovery has already been tendered or is not subject to disclosure. Thus, argument related to missing evidence absent proof of bad faith is also improper. *See United States v. Folami*, 236 F.3d 860, 865 (7th Cir. 2001). Discovery requests should therefore be made to the Court or opposing counsel outside the presence of the jury so that no prejudice results to either side. *See, e.g., United States v. Gray*, No. 07 CR 166, 2010 WL 1258169, *3 (N.D. Ind. Mar. 26, 2010).

## IV. <u>Government Motion *In Limine* No. 4</u>: Motion to Exclude "Missing Witness" Argument

It is within the Court's discretion to prohibit argument concerning missing witnesses not under the control of either side. *United States v. Sblendorio*, 830 F.2d 1382, 1394 (7th Cir. 1987). "The reasons for not calling witnesses are so many and so complex—from . . . concern about the witness's appearance and demeanor to concern about the content of the testimony to a belief that the witness would invoke the privilege against self-incrimination—that a full exploration could take the trial far

10

afield." *Id.* Thus, "when [a] witness is equally available to both sides, the preferred practice is to preclude the [missing witness] argument rather than to leave the jury free to speculate about a lot of non-evidence." *United States v. Simpson*, 974 F.2d 845, 848 (7th Cir. 1992). "The traditional position, limiting comment by judge or counsel to a witness under the control of the adverse party . . . is sound." *Id.* Therefore, the government respectfully requests that the Court prohibit defendant from arguing that any relevant inference can be drawn from the fact that certain witnesses did not testify at trial.

In a similar vein, there are many reasons why the government may choose not to call every witness on its witness list. A jury could become confused, or make an improper inference, if told that the government originally listed a witness on their witness list who did not ultimately testify. Thus, defendant should not be permitted to make any argument regarding why the government did not call every witness on its witness list.

Alternatively, if the Court allows defendant to introduce evidence or argument regarding missing witnesses, the government seeks permission to respond appropriately. Ordinarily, a prosecutor may reply to "an argument by the defense that the absence of some witness counts against the prosecution" by highlighting that the defense has the same subpoena power as the government. *Sblendorio*, 830 F.2d at 1392. As the Seventh Circuit explained, "[t]he jury is entitled to know that the defendant may compel people to testify; this legitimately affects the jury's assessment of the evidence." *Id.* at 1393-94; *see also United States v. Aldaco*, 201 F.3d 979, 988

11

(7th Cir. 2000) ("[I]t was not improper for the prosecutor to make clear to the jury that the defendant, like the government, has the power to subpoena any witness or witnesses relevant to the case after [the defendant's] counsel had opened the door to this reply argument by the prosecution.").

## CONCLUSION

For the reasons stated above, the government respectfully asks the Court to grant the government's consolidated motions *in limine*.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:     */s/ Minje Shin*
MINJE SHIN
JASON YONAN
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated: December 12, 2025