UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 637 |
| v. | Judge Joan H. Lefkow |
| JUAN ESPINOZA MARTINEZ | |

**GOVERNMENT'S PROPOSED
<u>JURY INSTRUCTIONS AND VERDICT FORM</u>**

The UNITED STATES OF AMERICA, through its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submits its proposed jury instructions and verdict form in this case. Because it based this submission on the anticipated trial evidence, the government may ask this Court for permission to supplement these proposed jury instructions as appropriate.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:    */s/ Minje Shin*
JASON YONAN
MINJE SHIN
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, IL 60604
(312) 353-5300

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

7th Cir. Pattern Crim. Fed. Jury Instruction 1.01 (2023)

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of murder for hire. The defendant has pled not guilty to the charge.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2

7th Cir. Pattern Crim. Fed. Jury Instruction 1.02 (2023)

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3

7th Cir. Pattern Crim. Fed. Jury Instruction 1.03 (2023)

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4

7th Cir. Pattern Crim. Fed. Jury Instruction 2.01 (2023)

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience. People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5

7th Cir. Pattern Crim. Fed. Jury Instruction 2.02 (2023)

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6

7th Cir. Pattern Crim. Fed. Jury Instruction 2.03 (2023)

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7

7th Cir. Pattern Crim. Fed. Jury Instruction 2.04 (2023)

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

GOVERNMENT INSTRUCTION NO. 8

7th Cir. Pattern Crim. Fed. Jury Instruction 2.05 (2023)

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony [including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it. Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 9

7th Cir. Pattern Crim. Fed. Jury Instruction 3.01 (2023)

10

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 10

7th Cir. Pattern Crim. Fed. Jury Instruction 3.02 (2023)

You have heard recordings of a conversation. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

[You were also given a transcript of the recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcript is not evidence. If you noticed any differences between what you heard in the recordings and what you read in the transcript, your understanding of the recordings is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.]

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial. [If, during your deliberations, you wish to have another opportunity to view the transcripts as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcript.]

GOVERNMENT INSTRUCTION NO. 11

7th Cir. Pattern Crim. Fed. Jury Instruction 3.14 (2023)

12

[During the trial, Spanish language communications were admitted into evidence. You were also given English translations of those communications so you could consider the contents of the communications.  It is up to you to decide whether a translation is accurate, in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case. You may not rely on any knowledge that you may have of the Spanish language.  Rather, your consideration of the translations should be based on the evidence introduced at trial.]

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (2023) 3.15

13

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 13

7th Cir. Pattern Crim. Fed. Jury Instruction 3.18 (2023)

The indictment charges that the crime happened "on or about" a certain date.

The government must prove that the crime happened reasonably close to the date. The government is not required to prove that the crime happened on the exact date.

GOVERNMENT INSTRUCTION NO. 14

7th Cir. Pattern Crim. Fed. Jury Instruction 4.05 (2023)

The indictment charges the defendant with using or causing the use of a facility of interstate commerce with the intent that a murder-for-hire be committed. In order for you to find the defendant guilty on this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant knowingly used or caused another to use a facility of interstate commerce, as charged in the indictment; and

2. The defendant did so with the intent that a murder be committed—that is, a murder in violation of the laws of any State or the United States as consideration for the receipt of, or a promise or agreement to pay, something of pecuniary value.

The government must prove that the defendant's use of the facility of interstate commerce was useful to, or in furtherance of, his murder-for-hire scheme.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of the charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of the charge.

GOVERNMENT INSTRUCTION NO. 16

*United States v. Dvorkin*, 799 F.3d 867, 875 (7th Cir. 2015)
*United States v. Mandel*, 647 F.3d 710, 717 (7th Cir. 2011)
*United States v. Caguaga*, 884 F.3d 681, 687-88 (7th Cir. 2018)
18 U.S.C. § 1958(a)
7th Circuit Pattern General Instruction 4.01

The phrase "pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

GOVERNMENT INSTRUCTION NO. 17

18 U.S.C. § 1958(b)(1)

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 18

7th Cir. Pattern Crim. Fed. Jury Instruction 4.10 (2023)

A "facility of interstate commerce" includes means of transportation and communication, such as land line telephones, cellular telephones, and vehicles. To be a "facility of interstate commerce," a means of transportation does not actually have to have traveled across state lines nor does a means of communication have to have communicated across state lines.

GOVERNMENT INSTRUCTION NO. 19

*United States v. Mandel*, 647 F.3d 710, 716-17, 720-23 (7th Cir. 2011)
18 U.S.C. § 1958(b)(2)

A person attempts to commit murder for hire if he (1) knowingly takes a substantial step toward committing murder for hire, (2) with the intent to commit murder for hire. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the crime.

GOVERNMENT INSTRUCTION NO. 20

7th Circuit Pattern General Instruction 4.09 (2023)

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is personally responsible for those acts as though he personally committed them.

GOVERNMENT INSTRUCTION NO. 21

7th Circuit Pattern General Instruction 5.06 (2023)

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 22

7th Circuit Pattern General Instruction 4.08 (2023)

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 23

7th Cir. Pattern Crim. Fed. Jury Instruction 7.01 (2023)

25

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in, date, and sign the verdict form. Each of you will sign it. Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

GOVERNMENT INSTRUCTION NO. 24

7th Cir. Pattern Crim. Fed. Jury Instruction 7.02 (2023)

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 25

7th Cir. Pattern Crim. Fed. Jury Instruction 7.03 (2023)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JUAN ESPINOZA MARTINEZ

No. 25 CR 637

Judge Joan H. Lefkow

**<u>VERDICT FORM</u>**

With respect to the charge in the indictment, we, the jury, find the defendant
JUAN ESPINOZA MARTINEZ:

GUILTY ☐                    NOT GUILTY ☐

_____        _____
PRESIDING JUROR

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____
DATE

1