UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 25CR00637 |
| | ) | |
| JUAN ESPINOZA MARTINEZ | ) | |
| | ) | |

### DEFENDANT'S CONSOLIDATED MOTIONS *IN LIMINE*

Now comes Juan Espinoza Martinez, by and through his counsel, Bedi & Singer, LLP, and respectfully moves for an order *in limine* regarding the following testimony and evidence. In support of this motion, he submits the following:

Mr. Espinoza Martinez is charged in a one-count indictment with violating 18 USC 1958(a) and 2.

1. <u>Prohibit the word or phrase "Hit/Bounty" from being used during the trial</u>

The Court should bar the government from using the terms "hit" and/or "bounty" during the trial under Rules 401 and 403. These terms are highly charged and would only be used to inflame the jury's passions and play on their emotions. There is no legitimate reason for the government to use this inflammatory language other than to deprive Mr. Espinoza Martinez of a fair trial. *See United States v. Frasch*, 818 F.2d 631, 634 (7th Cir. 1987) ("[W]e nevertheless offer two suggestions for mitigating the prejudicial potential of highly offensive language in future cases. . . Substitution of the neutral word for the inflammatory word might have further mitigated the prejudicial potential of [defendat's] remarks without disturbing their evidentiary value"). The prejudicial impact of these words far outweighs any probative value. Under Federal Rule of Evidence 403, these

1

words must be excluded. This Court should not allow for inflammatory vocabulary and the terms "hit" and "bounty" do not assist the tier of fact in coming to a true and just verdict.

2. <u>Exclude evidence of any alleged narcotics or narcotics use by Mr. Espinoza Martinez</u>

Mr. Espinoza Martinez requests the exclusion of any testimony, photographs, or other evidence of his alleged drug use or possession under Federal Rules of Evidence 401, 403, and 404(b).

First, Mr. Espinoza Martinez requests the exclusion of his alleged drug use or possession under Rule 401 because it is irrelevant to his guilt or innocence in this case. Mr. Espinoza Martinez is not charged with a drug crime. Because his alleged drug use or possession is not related to the charge, the government should be precluded from presenting any evidence of it.

Second, Mr. Espinoza Martinez requests the exclusion of his alleged drug use or possession under Rule 403 because it is irrelevant but extremely prejudicial. As stated above, Mr. Espinoza Martinez's alleged drug use or possession is irrelevant. However, evidence of any alleged drug use or possession is extremely prejudicial. If the jurors hear evidence that imply Mr. Espinoza Martinez is a drug addict or dealer, they will believe he is a bad or dangerous person. In turn, the jury will not focus on the evidence presented at trial, but instead find him guilty because they believe he is a bad person deserving of punishment. *See Old Chief v. United States*, 519 U.S. 172, 181 (1997); *United States v. Miller*, 673 F.3d 688, 700 (7th Cir. 2012) ("The relevance of the prior [drug crime] here boils down to the prohibited 'once a drug dealer, always a drug dealer' argument.").

Because any evidence of Mr. Espinoza Martinez's alleged drug use or possession is substantially outweighed by the danger of unfair prejudice, it must be excluded under Rule 403.

Finally, Mr. Espinoza Martinez requests the exclusion of his alleged drug use or possession under Rule 404(b) because it is other-crimes evidence. *Miller*, 673 F.3d at 699 ("Confusion and misuse of Rule 404(b) can be avoided by asking the prosecution exactly how the proffered evidence should work in the mind of a juror to establish the fact the government claims to be trying to prove."). As stated above, Mr. Espinoza Martinez's alleged drug abuse is irrelevant to any element of the charge. Consequently, the only purpose of such evidence is to show Mr. Espinoza Martinez's propensity for criminal activity. Because the jury will improperly conclude that Mr. Espinoza Martinez committed the crime since he is a criminal, the evidence must be excluded under Rule 404(b).

### 3. Exclude photographs of weapons allegedly found on Mr. Espinoza Martinez's phone

Mr. Espinoza Martinez requests the exclusion of any photographs, testimony, or other evidence of photos of weapons on his phone under Federal Rules of Evidence 401 and 403.

First, Mr. Espinoza Martinez requests the exclusion of photos of weapons found on his phone under Rule 401 because they are irrelevant to any element of the charge. *See United States v. Ponzo*, No. CRIM.A. 97-40009-NMG, 2013 WL 5676286, at *2 (D. Mass. Oct. 16, 2013) ("[T]he government does not cite, and the Court has not found, any case law that supports its contention that mere possession of a weapon is evidence of a

3

conspiracy or plan to murder a particular individual."). Mr. Espinoza Martinez is not charged as a felon in possession, trafficking weapons, or any other weapon offense. Because the *mere photos* of weapons are not related to the charge, the government should be precluded from presenting any evidence of it.

Second, Mr. Espinoza Martinez requests the exclusion of his photos of weapons under Rule 403 because they are irrelevant but extremely prejudicial. As stated above, Mr. Espinoza Martinez's alleged photos of weapons are irrelevant, however, they are extremely prejudicial. If the jurors hear evidence that Mr. Espinoza Martinez had photos of weapons on his phone, they will believe he is a bad or dangerous person. In turn, the jury will not focus on whether the messages constitute "true threats," but instead find him guilty because they believe he is a bad person deserving of punishment. *See Old Chief*, 519 U.S. at 181; *United States v. Matta-Quinones,* 633 F. Supp. 3d 577, 582 (D.P.R. 2022) ("The introduction of the photo of the marijuana poses an outweighing danger that the jury will draw improper inferences of criminal propensity."). Because any evidence of Mr. Espinoza Martinez's mere possession of photos of weapons is substantially outweighed by the danger of unfair prejudice, it must be excluded under Rule 403.

4. **Exclude evidence that police had frequent contact with a family home**

Mr. Espinoza Martinez requests the exclusion of any testimony or other evidence that a home occupied by Mr. Espinoza Martinez's family, at some point, often had police contact. Not only will the government be unable to lay the foundation for this allegation, but this alleged information is irrelevant and far more prejudicial than probative under Rule 401, 403, and 404(b).

First, these foundationless allegations are irrelevant under Rule 401 because they have nothing to do with Mr. Espinoza Martinez's guilt or innocence in this case. Second, while these allegations have no probative value, they are extremely prejudicial, implying Mr. Espinoza Martinez, his family, or his home's occupants are entrenched in criminal activity. *See United States v. Guzman-Ortiz,* No. CR 15-10182-RWZ, 2018 WL 3019103, at *1 (D. Mass. June 15, 2018) ("Any marginal probative value it may have in showing defendant's knowledge of the drug activity occurring in the house is outweighed by unfair prejudice. . ."). Finally, these foundationless allegations are also inadmissible under Rule 404(b). *See United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012)("The testimony here invites speculation about the defendant's propensity to come into frequent contact with police. Because this testimony might adversely reflect on the actor's character, the evidence must be evaluated under 404(b).")

5. <u>**Exclude evidence of alleged contact between DCFS and the Espinoza Martinez Family**</u>

It is alleged that the Department of Children and Family Services ("DCFS") in the past had contact with the Espinoza Martinez family. The allegation of DCFS having contact with the Martinez family is completely and unduly prejudicial under Rules 401, 403, and 404(b). The government should be barred from introducing this evidence. *See McDaniel v. Miller-Stout*, No. C14-5289 RBL, 2015 WL 2238162, at *8 (W.D. Wash. May 12, 2015) ("The trial court stated that unless there was something concrete in the Child Protective Service records that would justify an investigator testifying about the mother's lifestyle, the evidence was inadmissible.").

6. **Exclude evidence that Mr. Espinoza Martinez's house is in "Latin King Territory"**

Mr. Espinoza Martinez requests the exclusion of any testimony or other evidence that his address is in Latin King territory because it is irrelevant and unduly prejudicial under Rules 401 and 403. Just because people's homes are in parts of Chicago allegedly controlled by different gangs does not mean that the home's occupants are members of that respective gang. With a population density of 11,472 people per square mile[1] thousands of Chicagoans live in the gang-controlled territory, allowing testimony of living in gang territory would turn geography into guilt and condemn entire neighborhoods based on where they were born or live. Not only is this information extremely prejudicial, but it is also completely irrelevant.

7. **Exclude evidence that Mr. Espinoza Martinez is allegedly a member of The Latin Kings Street Gang**

The government has alleged that Mr. Espinoza Martinez is a member of the Latin Kings Street Gang. However, the government has produced no evidence corroborating or supporting this bare-bone allegation. Mr. Espinoza Martinez requests the exclusion of this unsupported allegation under Rules 401, 403, 404(b), and 802.

Alleged gang affiliation is irrelevant to the charge. Mr. Martinez is charged with violating 18 USC § 1958(a) and 2. The government does not have to prove gang membership, as gang membership is not an element of this offense. Therefore, any alleged gang affiliation would be irrelevant under Rule 401. *See United States v. Serrano-Ramirez*, 319 F. Supp. 3d 918, 920–21 (M.D. Tenn. 2018), aff'd, 811 F. App'x 327 (6th Cir. 2020) ("Evidence of gang affiliation is inadmissible if, standing alone, there is no

---

[1] https://worldpopulationreview.com/us-cities/chicago-il-population

connection between it and the charged offense.").

Second, allowing the government to insert gang affiliation and associate Mr. Espinoza Martienz with a violent street gang is extremely prejudicial and inadmissible under 403. *See United States v. Irvin*, 87 F.3d 860, 865 (7th Cir. 1996). Any allegations involving the Latin Kings will no doubt arouse negative emotions from the jurors in this jurisdiction and automatically paint Mr. Espinoza Martinez as a deviant man engaged in criminal activity. *Id.* ("Gangs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior."). There is an extraordinarily high risk that jurors will hold Mr. Espinoza Martinez responsible for all the Latin Kings' wrongs based on the government's unsupported allegation. *Id.* ("There is therefore always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings toward gangs will influence its verdict.").

Third, any allegation that Mr. Espinoza Martienz is a member of a violent street gang is inadmissible under 404(a). As stated above, there is absolutely no direct evidence to support the government's allegation that Mr. Espinoza Martinez is a member of the Latin Kings. Therefore, the gang evidence would only be used as propensity evidence, hoping the juror will associate Mr. Espinoza Martinez with the crimes of the Latin Kings. *Id.* at 866 ("The highly charged gang-affiliation evidence served as a substitute for such direct evidence, increasing the chance of guilt purely by association.").

Finally, any allegation by government witnesses that Mr. Espinoza Martinez is a Latin King is based entirely on hearsay and thus inadmissible under Rule 802. The SOI

7

nor any other witness has firsthand knowledge that Mr. Espinoza Martinez is in a gang (because he is not).

8. <u>**Exclude evidence of a family member's alleged gang affiliation**</u>

Mr. Espinoza Martinez requests the exclusion of any evidence that he had a family member who was a Latin King over a decade ago. He requests the exclusion of this evidence under Rules 401 and 403.

First, Mr. Espinoza Martinez's family member's alleged gang involvement is irrelevant under Rule 401. Even if believed, a family member's involvement or affiliation in an organization or street gang does not mean that everyone in their family is also part of that organization or street gang. His family member's affiliation has no bearing on Mr. Espinoza Martinez's guilt or innocence of the charge.

Furthermore, any evidence of a family's member gang membership be far more prejudicial than probative. As discussed above, gang evidence elicits strong emotions from jurors and risks guilt by mere association. Irvin, 87 F.3d at 865 ("Guilt by association is a genuine concern whenever gang evidence is admitted.").

9. <u>**Exclude evidence that the SOI received calls from alleged Latin King members after Mr. Espinoza Martinez's arrest**</u>

It is alleged that after Mr. Espinoza Martinez's arrest in this case the SOI received phone calls from alleged Latin Kings. This allegation of the SOI receiving phone calls from alleged Latin Kings is irrelevant, unduly prejudicial, and would elicit hearsay responses, making it inadmissible under Rule 41, 403, and 802. There is no evidence that Mr. Espinoza was involved in these calls, directed these calls, or even aware of these calls, nor do these calls make any fact of consequence any more or less probative. *See*

8

*United States v. Hussain*, 785 F. Supp. 3d 9, 23 (D. Vt. 2025) ("But the government presented no evidence that [defendant] knew of or conspired regarding the callers' conduct of inducing victims to transfer money into those accounts."). Again, making Mr. Espinoza Martinez responsible for the crimes of the Latin Kings would deprive him of a fair trial.

10. <u>Exclude witnesses from testifying to or making assumptions while testifying</u>

Federal Rule of Evidence 602 states "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Under this rule, speculation testimony outside of a witness's personal knowledge is barred from admission. Courts have stated "[l]ay testimony not based on personal knowledge is useless." *United States v. Allen*, 10 F.3d 405, 414 (7th Cir. 1993). Rule 602 bars testimony about assumptions or what someone may have heard. Therefore, any assumptions, speculations or testimony that would call for a hearsay answer should be barred.

For example, SOI stated "he believes the message may have been sent to other people" and "he believes Mr. Espinoza Martinez has rank in the Latin Kings." The government cannot lay the proper foundation for these allegations, the allegations are speculative, and they would call for assumptions by the SOI, which is prohibited under the rules of evidence. Furthermore, any statements of that nature would be barred under Rule 401, 403, and 404(b).

The government should also be barred from eliciting evidence from the SOI of "other concerning information that the SOI claims Mr. Espinoza Martinez sent him over

9

SNAP." This "other concerning information" has not been disclosed to defense counsel. Furthermore, if this "concerning information" is not relevant to the charges it should be barred under Rules 401 and 403.

Finally, the Court must exclude any testimony that the SOI "believed" this was a real threat. The government will argue the SOI's subjective belief is relevant because he acted on it by disclosing the information. It is not. The SOI's opinion on whether this constituted a real threat intrudes on the province of the jury—the central question they alone must decide. *United States v. Scheffer*, 523 U.S. 303, 313 (1988). ("Determining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'").

Rule 704 does not save this testimony. While lay witnesses may testify to ultimate issues if their testimony is otherwise admissible and helpful, the SOI's belief fails both tests. It lacks relevance because what the SOI thought tells the jury nothing about what Mr. Espinoza Martinez intended or whether an actual threat existed. The SOI's state of mind is a distraction masquerading as evidence.

### 11. Motion to sequester witnesses

Mr. Espinoza Martinez requests the Court order the sequestration of witnesses under Federal Rule 615. The trial court's power to control the progress of a criminal trial includes "broad power to sequester witnesses before, during, and after their testimony." Geders v. United States, 425 U.S. 80, 87 (1976). The practice of sequestration of witnesses has existed for centuries. Id.

10

In *Geders*, the United States Supreme Court outlined three reasons for sequestration. First, "[i]t exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses." *Id.* Second, "it aids in detecting testimony that is less than candid." *Id.* Third, it prevents "improper attempts to influence the testimony in light of the testimony already given." *Id.*; *see also Perry v. Leeke*, 488 U.S. 272, 281–82 (1989) ("[W]itnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections."); *Mojsilovic v. I.N.S.*, 156 F.3d 743, 749 (7th Cir. 1998) ("[T]he whole purpose of sequestration is to ensure that a witness is untainted by the testimony of others."). Here, Mr. Espinoza Martinez requests the sequestration of witnesses to discourage and expose any fabrication, inaccuracy, or collusion.

**WHEREFORE**, Mr. Espinoza Martinez respectfully requests the Court preclude the government from introducing the above evidence at trial. Additionally, Mr. Espinoza Martinez respectfully requests leave of the Court to file any additional motions *in limine* based on any future discovery production the government may tender after the filing date of this motion, or based on other motions, filings, or arguments the government may present.

    Respectfully submitted,

    s/ Jonathan S. Bedi
    Jonathan S. Bedi
    Dena M. Singer
    Bedi & Singer, LLP
    53 West Jackson Blvd

Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
dsinger@bedisinger.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

                              By: s/ Jonathan S. Bedi
                              Jonathan S. Bedi
                              Bedi & Singer, LLP
                              53 West Jackson Blvd, Suite 1101
                              Chicago, IL 60604
                              Phone: (312) 525-2017
                              jbedi@bedisinger.com
                              **Attorney for Defendant**