IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 25 CR 637 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| JUAN ESPINOZA MARTINEZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The government has filed consolidated motions *in limine* (dkt. 67). Rulings are as follows:

1. Motion to Exclude Evidence or Argument Designed to Elicit Jury Nullification: **Granted as unopposed**.
2. Motion to Preclude Explaining or Defining Reasonable Doubt: **Granted as unopposed**.
3. Motion to Preclude Discovery Requests or Commentary in the Presence of the Jury: **Granted as unopposed**.
4. Motion to Exclude "Missing Witness" Argument: **Granted as unopposed**.

## STATEMENT

The government charged Espinoza Martinez with one count of using a facility of interstate commerce with intent that a murder be committed, in violation of 18 U.S.C. §§ 1958(a) and 2. (Dkt. 12.) Trial is set to begin January 20, 2026. Before the court are the government's motions *in limine*. The rulings in this order are without prejudice and are subject to change should the evidence introduced at trial differ from that which is anticipated in these motions. *See Hawthorne Partners* v. *AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400–01 (N.D. Ill. 1993).

## LEGAL STANDARD

A ruling on a motion *in limine* is a preliminary decision on the admissibility of certain evidence. *See United States* v. *Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). "It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson* v. *Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Where an evidentiary submission "cannot be evaluated accurately or sufficiently" before trial, ruling on its admissibility is deferred until during trial when the impact of the evidence can be better assessed. *Id.* The rulings in this order are without prejudice and are subject to change should the evidence introduced at trial be different from that anticipated in

these motions. *See Perry* v. *City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) ("Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial. As a trial progresses, the presiding judge remains free to alter earlier rulings.").

## ANALYSIS

**1. Motion to Exclude Evidence or Argument Designed to Elicit Jury Nullification**

The government moves "to preclude [Espinoza Martinez] from arguing or presenting evidence … designed to elicit jury nullification." (Dkt. 67 at 2.) "Jury nullification occurs when a jury 'acquit[s] a defendant even when the facts and law compel conviction.'" *United States* v. *Barron*, No. 22 CR 500, 2024 WL 383668, at *1 (N.D. Ill. Feb. 1, 2024) (quoting *United States* v. *Rash*, 840 F.3d 462, 465 (7th Cir. 2016)). The government seeks to exclude, at this stage, five categories of argument or evidence: (1) Espinoza Martinez's age, health, and family; (2) penalties faced by Espinoza Martinez if he is convicted; (3) the government's motivations for investigating and prosecuting this case; (4) allegations or claims of outrageous government conduct; and (5) the so-called "Golden Rule" appeal, *i.e.*, arguments or evidence designed to place jurors in Espinoza Martinez's shoes. The motion is granted as unopposed. Nevertheless, Espinoza Martinez may introduce argument as to the quality of the government's investigation or the sufficiency of the evidence.

**2. Motion to Preclude Explaining or Defining Reasonable Doubt**

The government seeks to "preclude counsel from attempting to define reasonable doubt." (Dkt. 67 at 8.) The motion is granted as unopposed.

**3. Motion to Preclude Discovery Requests or Commentary in the Presence of the Jury**

The government moves to "preclude [Espinoza Martinez] from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters in the presence of the jury." (Dkt. 67 at 9.) The motion is granted as unopposed. Espinoza Martinez may introduce argument as to the quality of the government's investigation or the sufficiency of the evidence.

**4. Motion to Exclude "Missing Witness" Argument**

The government seeks to "prohibit argument concerning missing witnesses not under the control of either side." (Dkt. 67 at 10.) The motion is granted as unopposed. Espinoza Martinez may introduce argument as to the quality of the government's investigation or the sufficiency of the evidence.

Date: January 7, 2026

                                                        U.S. District Judge Joan H. Lefkow