IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25 CR 637 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| JUAN ESPINOZA MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Juan Espinoza Martinez has filed consolidated motions *in limine* (dkt. 75). Rulings are as follows:

1. Prohibit the word or phrase "Hit/Bounty" from being used during the trial: **Granted in part, denied in part.**
2. Exclude evidence of any alleged narcotics or narcotics use by Mr. Espinoza Martinez: **Granted as unopposed.**
3. Exclude photographs of weapons allegedly found on Mr. Espinoza Martinez's phone: **Granted in part, denied in part.**
4. Exclude evidence that police had frequent contact with a family home: **Granted as unopposed.**
5. Exclude evidence of alleged contact between DCFS and the Espinoza Martinez Family: **Granted as unopposed.**
6. Exclude evidence that Mr. Espinoza Martinez's house is in "Latin King Territory": **Granted.**
7. Exclude evidence that Mr. Espinoza Martinez is allegedly a member of The Latin Kings Street Gang: **Ruling reserved.**
8. Exclude evidence of a family member's alleged gang affiliation: **Granted.**
9. Exclude evidence that the SOI received calls from alleged Latin King members after Mr. Espinoza Martinez's arrest: **Granted as unopposed.**
10. Exclude witnesses from testifying to or making assumptions while testifying: **Ruling reserved.**
11. Motion to sequester witnesses: **Granted in part, denied in part.**

## STATEMENT

The government charged defendant with one count of using a facility of interstate commerce with intent that a murder be committed, in violation of 18 U.S.C. §§ 1958(a) and 2. (Dkt. 12.) Trial is set to begin January 20, 2026. Before the court are defendant's motions *in limine*. The rulings in this order are without prejudice and are subject to change should the

1

evidence introduced at trial differ from that which is anticipated in these motions. *See Hawthorne Partners* v. *AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400–01 (N.D. Ill. 1993).

## LEGAL STANDARD

A ruling on a motion *in limine* is a preliminary decision on the admissibility of certain evidence. *See United States* v. *Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). It "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson* v. *Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Where an evidentiary submission "cannot be evaluated accurately or sufficiently" before trial, ruling on its admissibility is deferred until during trial when the impact of the evidence can be better assessed. *Id.* The rulings in this order are without prejudice and are subject to change should the evidence introduced at trial be different from that anticipated in these motions. *See Perry* v. *City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) ("Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial. As a trial progresses, the presiding judge remains free to alter earlier rulings.").

## ANALYSIS

**1. Prohibit the word or phrase "Hit/Bounty" from being used during the trial.**

Defendant moves to "bar the government from using the terms 'hit' and/or 'bounty' during the trial." (Dkt. 75 at 1.) The motion is granted and denied in part.

Defendant argues that use of the terms 'hit' and 'bounty' would "inflame the jury's passion and play on their emotions." (Dkt. 75 at 1.) Defendant argues that other, less prejudicial (but unspecified) terms may be substituted for them and that, accordingly, "[t]he prejudicial impact of these words far outweighs any probative value." (Dkt. 75 at 1.) The government responds that the terms 'hit' and 'bounty' are no more inflammatory than the language used in the relevant criminal statute, 18 U.S.C. § 1958(a), and it would be impracticable to redact them because the word 'bounty' appears at least once in a piece of evidence the government intends to introduce at trial.

The court is required to balance the probative value of evidence against the danger of unfair prejudice. Fed. R. Evid. 403. In such balancing, the Seventh Circuit has directed courts to consider whether the deletion or substitution of prejudicial language would damage the probative value of evidence at trial. *See United States* v. *Frasch*, 818 F.2d 631, 634 (7th Cir. 1987); *see also United States* v. *Schweihs*, 971 F.2d 1302, 1314 (7th Cir. 1992).

In the context of 'murder for hire,' the terms 'hit' and 'bounty' are colloquial expressions of the same concept. The terms are somewhat prejudicial and are not evidence in the case, but if (as has been represented) there are only limited uses of the terms, and only by an investigating agent, their use is not likely to influence the jury to decide the case on an improper basis. As such, the court will not require alteration of the transcript of the interview. Counsel shall not,

however, use the terms in opening statements, during interrogation of witnesses, or in closing arguments.

**2. Exclude evidence of any alleged narcotics or narcotics use by Mr. Espinoza Martinez.**

Pursuant to Fed. R. Evid. 401, 403, and 404(b), defendant moves to exclude "any testimony, photographs, or other evidence of [defendant's] alleged drug use or possession." (Dkt. 75 at 2.) The motion is granted as unopposed.

**3. Exclude photographs of weapons allegedly found on Mr. Espinoza Martinez's phone.**

Defendant moves to exclude any photographs, testimony, or other evidence of photos of weapons on his phone pursuant to Fed. R. Evid. 401 and 403. (Dkt. 75 at 3.) Defendant argues that photos of weapons on his phone are irrelevant to any element of the charge and are highly prejudicial. In response, the government asserts it should be permitted to submit a certain screenshot of another Snapchat user's post offering a firearm for sale that defendant sent to Snapchat User 1 close in time to the indictment period of October 3 and 4, 2025. The government asserts that on the day prior to sending the screenshot, defendant had sent Snapchat User 1 a murder-for-hire proposition and that the ensuing transmittal of an advertisement for a handgun goes to defendant's intent behind the murder proposition. The government states it does not intend to submit evidence on this subject that pre-dates October 1, 2025; the motion is granted in this respect.

Defendant's motion is denied as to the screenshot of the firearm for sale. Informing Snapchat User 1 of a way to get a weapon is probative of defendant's use of Snapchat in furtherance of a murder-for-hire offer. It is also relevant to whether defendant intended that the crime occur. *See United States* v. *Mandel*, 647 F.3d 710, 717 (7th Cir. 2011). Contrary to defendant's assertions, this is not "mere possession of photos of weapons." (Dkt. 75 at 4.) The government is alleging that defendant not only possessed a photo of a firearm, but that he was informing Snapchat User 1 of a gun for sale after having informed that same person of a murder-for-hire proposition.

In addition, the government proffered at the hearing that it intends to introduce evidence that one or more Snapchat users sent defendant photos of guns for sale. The government concedes that it has no evidence that defendant solicited such information. Therefore, the evidence is barred as irrelevant.

**4. Exclude evidence that police had frequent contact with a family home.**

Pursuant to Fed. R. Evid. 401, 403, and 404(b), defendant moves to exclude any testimony or evidence that police had contact with his family home. (Dkt. 75 at 4.) The motion is granted as unopposed.

5.  **Exclude evidence of alleged contact between DCFS and the Espinoza Martinez Family.**

    Pursuant to Fed. R. Evid. 401, 403, and 404(b), defendant moves to exclude any evidence that Department of Children and Family Services (DCFS) had contact with his family. (Dkt. 75 at 5.) The motion is granted as unopposed.

6.  **Exclude evidence that Mr. Espinoza Martinez's house is in "Latin King Territory."**

    Defendant asks to exclude any testimony or evidence that his home is located in Latin Kings territory, pursuant to Fed. R. Evid. 401 and 403. (Dkt. 75 at 6.) Defendant argues that such evidence is irrelevant and unduly prejudicial and that permitting evidence of a person's address being in gang territory to support their guilt would be unfair guilt by association. The government argues that evidence of defendant's proximity to the Latin Kings, to any degree, will help the jury determine his credibility, and that proof of his affinity to the Latin Kings and any familiarity he has with them lends intent behind his typed messages and so is probative of the crime charged. The court disagrees. The prejudicial effect of evidence showing defendant's house is in Latin Kings territory outweighs its probative value, which is attenuated and implies guilt by geography. *United States* v. *Irvin*, 87 F.3d 860, 863–64) (7th Cir. 1996). The motion is granted.

7.  **Exclude evidence that Mr. Espinoza Martinez is allegedly a member of The Latin Kings Street Gang.**

    Ruling is reserved.

8.  **Exclude evidence of a family member's alleged gang affiliation.**

    Defendant moves to exclude any evidence that he had a family member who was a member of the Latin Kings more than ten years ago, pursuant to Fed. R. Evid. 401 and 403. (Dkt. 75 at 8.) He argues such evidence is irrelevant and would amount to guilt by association. The government makes the same argument for this evidence as it does for the evidence of defendant's house being in Latin Kings territory. As with that motion, the court finds that evidence of defendant's cousin being a former Latin Kings member is significantly more prejudicial than probative. The motion is granted.

9.  **Exclude evidence that the SOI received calls from alleged Latin King members after Mr. Espinoza Martinez's arrest.**

    Pursuant to Fed. R. Evid. 401, 403, and 802, defendant moves to exclude any testimony or evidence that SOI-1 received phone calls from alleged Latin King members after defendant was arrested. (Dkt. 75 at 8.) The motion is granted as unopposed.

10. **Exclude witnesses from testifying to or making assumptions while testifying.**

    Pursuant to Fed. R. Evid. 401, 403, 404(b), and 602, defendant asks that witnesses be prevented from testifying about assumptions and speculations, and be prevented from giving

testimony that would call for a hearsay response. (Dkt. 75 at 9.) To the extent the government wants SOI-1 to testify that he believed the alleged offer was serious, and not a joke, the motion is granted. Otherwise, ruling is reserved for trial.

**11. Motion to sequester witnesses.**

      Defendant moves to sequester all witnesses pursuant to Fed. R. Evid. 615. (Dkt. 75 at 10.) The motion is granted as unopposed as to all witnesses, except for the government's two case agents, as to whom the motion is denied. The government case agents may remain in the courtroom during trial. Fed. R. Ev. 615(a)(2)–(3).

Date: January 8, 2026

                                                      U.S. District Judge Joan H. Lefkow