UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 25CR00637 |
| | ) | |
| JUAN ESPINOZA MARTINEZ | ) | |
| | ) | |

## MOTION TO EXCLUDE GOVERNMENT FROM REFERRING TO SOI AS VICTIM OR USING AN INCOMPLETE NAME FOR THE RECORD

Juan Espinoza Martinez, by and through his attorney, Bedi & Singer, LLP, objects to the government referring to or treating the SOI as a "victim" and using an altered name for the SOI to deprive Mr. Espinoza Martinez of a public trial and complete record. In support, Mr. Espinoza Martinez states the following:

## FACTS

On October 5, 2025, the government filed a criminal complaint against Mr. Espinoza Martinez for a single count under 18 U.S.C. § 1958(a). Dkt 1. The government's entire case rests on the SOI's testimony as described in the complaint. The government, through SOI, linked Mr. Espinoza Martinez to the Latin Kings, claiming he was a ranking member. Dkt 1 at 3. The SOI is not the charged victim.

The government widely publicized Mr. Espinoza Martinez's arrest and included the complaint on its official website. The government's statement on its website contains extremely politicized and highly inflammatory remarks like: "The arrest of this ruthless and violent member of the Latin Kings, a criminal organization notorious for its cruelty and disregard for the law, highlights the steadfast commitment of Homeland Security

1

Investigations and our law enforcement partners to protect our communities and those who uphold justice."[1] The government has since walked back its highly inflammatory claims linking Mr. Espinoza Martinez to the Latin Kings.

Mr. Espinoza Martinez's trial is set for January 20, 2026. Dkt 81. On January 12, 2026, the government filed a motion that, if granted, would prevent the Court and parties from referring to the SOI by his full or surname, "thereby not allowing his last name to become a part of the public record." Dkt 85 at 2. The government does not cite any precedent for depriving Mr. Espinoza Martinez and the public of their rights. Instead, the government claims its request has been used in "the analogous situation of protecting the privacy rights of minors or sexual assault victims at trial." *Id.*

The government attempts to support its unprecedented request by summarily claiming that it has "become aware of a social media post," and the SOI has "interpreted that post as a threat against him." *Id.* That social media post did not come from or was not directed by Mr. Espinoza Martinez. It does not appear the social media post was even directed to the SOI. It is also not a threat.

The government states that the individual is "known to both him and defendant." *Id.* at 2. The government cannot point to any evidence that substantiates this bold claim.

### ARGUMENT

Mr. Espinoza Martinez requests the Court: (1) exclude the government from referring to or treating the SOI as a "victim," and (2) deny the government's request to

---

[1] United States Attorney's Office Northern District of Illinois, *Alleged Member of Chicago Street Gang Charged with Soliciting the Murder of Senior Law Enforcement Official Involved in "Operation Midway Blitz"* (Oct. 6, 2025),
https://www.justice.gov/usao-ndil/pr/alleged-member-chicago-street-gang-charged-soliciting-murder-senior-law-enforcement.

2

deprive Mr. Espinoza Martinez and the public of their rights to a public trial and complete record.

### 1. The government cannot refer to or treat the SOI has a "victim"

"The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury." *Darden v. Wainwright*, 477 U.S. 168, 192 (1986). Referring to its witness as a "victim" or treating its witness as a "victim" in order to garner sympathy from the jury is prohibited under Federal Rule of Evidence 403. *See United States v. Boltz*, No. 20-CR-734, 2025 WL 712065, at *11 (N.D. Ill. Mar. 4, 2025); *United States v. Aug.*, 590 F. Supp. 3d 972, 976 (W.D. Tex. 2022) ("Therefore, reference to an individual as a 'victim' is unfairly prejudicial as it 'encourages the jury to find guilt from improper reasoning,' i.e., due to the implication that a crime has already been committed by Defendant.") (internal citations omitted).

In this case, the SOI is not a victim. The SOI is not charged as the victim in this case, and the government's indictment does not allege that the SOI was victimized or threatened by Mr. Espinoza Martinez. The government must thus be prohibited from referring to or treating the SOI as a "victim."

Any heightened interest in this case contributing to the SOI's fears or undermining the SOI's safety must be attributed to the government. It was the government who involved the Latin Kings in this case. It was the government who repeatedly publicized and politicized this case. The government cannot put the SOI's safety at risk and then use the SOI's unspecified fears to portray him a "victim" and garner sympathy from the jury against Mr. Espinoza Martinez.

2. **The government's request to deny the public and Mr. Espinoza Martinez a public trial and complete record should be denied**

Relatedly, the government asks the Court to prevent Mr. Espinoza Martinez from referring to the SOI by his full or surname, "thereby not allowing his last name to become a part of the public record." Dkt 85 at 2. The government has provided no precedent for its request. *Id.* Instead, the government claims "[t]his measure has been used in the analogous situation of protecting the privacy rights of minors or sexual assault victims at trial." *Id.* But Congress has shown a clear intent to protect the privacy rights of children and sexual assault victims during public trials through specific statutes and rules. *See* 18 U.S. Code § 3509 (Child victims' and child witnesses' rights);

18 U.S. Code § 3772 (Sexual assault survivors' rights); Federal Rules of Evidence 412 and 413 (Rape shield). The same is not true for the SOI, who falls into neither category.

Second, there is no reason to risk Mr. Espinoza Martinez's rights to a fair trial. The government plans to call the SOI as a witness at trial, meaning both the jury and the public will learn of the SOI's identity. It is critical that the jury learn of the SOI's full identity to properly screen for venire to ensure Mr. Espinoza Martinez requires a fair trial. *See United States v. Troup*, No. 3:12-CR-36 JD, 2012 WL 3818242, at *3 (N.D. Ind. Aug. 31, 2012) ("Safeguarding the integrity of the judicial process—which includes guaranteeing a jury free of personal biases or conflicts of interest—is a matter of paramount concern to the Court. It is difficult to see how to properly screen the venire without, at some point, disclosing the full names of potential players in the case to the jury pool."). Therefore, the Court cannot prohibit the defense from disclosing the SOI's full name.

4

Further, there is no reason to deprive Mr. Espinoza Martinez and the public of their constitutional rights to a public trial and complete record. "Of course trials must be public and the public have a deep interest in trials." *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 574, fn 9 (1980). Mr. Espinoza Martinez has a constitutional right to a public trial because it aids in factfinding and discourages dishonesty. ("Publicizing trial proceedings aids accurate factfinding. Public trials come to the attention of key witnesses unknown to the parties.").

The First Amendment to the Constitution, as well as common law, also recognizes a right to inspect and copy public records and documents, including judicial records and documents. *See id.* at 580. The right of access to judicial documents and records is a general right held by all persons, including Mr. Espinoza Martinez. The government cannot deprive Mr. Espinoza Martinez and the public from a complete record because of the public's reaction to the government's prior publicized statements.

Wherefore, Mr. Espinoza Martinez requests the government be precluded from referring to or treating the SOI as a "victim," and deny the government's motion to prevent the full disclosure of the SOI's name in violation of Mr. Espinoza's and the public's constitutional rights.

Respectfully Submitted,
By: s/ Jonathan S. Bedi
Jonathan S. Bedi
Dena M. Singer
Bedi & Singer, LLP
53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorneys for Defendant**

5

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

                                              By: <u>s/ Jonathan S. Bedi</u>
                                              Jonathan S. Bedi
                                              Bedi & Singer, LLP
                                              53 West Jackson Blvd, Suite 1101
                                              Chicago, IL 60604
                                              Phone: (312) 525-2017
                                              jbedi@bedisinger.com
                                              **Attorney for Defendant**

6